Ryan L. Marshall (Utah Bar No. 9529)
299 S. Main Street
Suite 1825
Salt Lake City, UT 84111
Phone: (801) 906-5125
Fax: (801) 817-9811
Email: Ryan.Marshall@btlaw.com

Gregory L. Hillyer (to be admitted *pro hac vice*)
Nicholas J. Sullivan (to be admitted *pro hac vice*)
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015-2052
Phone: (202) 686-2884
Fax: (202) 686-2877
Email: ghillyer@hillyerlegal.com
           nsullivan@hillyerlegal.com

*Attorneys for Plaintiffs Hi-Tech Pharmaceuticals*
*Inc., and Intellectual Wellness, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| **HI-TECH PHARMACEUTICALS, INC.,** | ) | |
| **and INTELLECTUAL WELLNESS,** | ) | |
| **LLC,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JURY DEMANDED** |
| **vs.** | ) | |
| | ) | |
| **VINTAGE MUSCLE, LLC, A Utah** | ) | **Case No. 2:24-cv-00208-DBB** |
| **Limited Liability Company,** | ) | |
| | ) | **Judge David Barlow** |
| **Defendant.** | ) | |

Plaintiffs Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") and Intellectual Wellness, LLC

("Intellectual Wellness") (collectively "Plaintiffs"), bring this action against Defendant Vintage

Muscle, LLC ("Vintage Muscle") and allege as follows:

**THE PARTIES**

1.      Hi-Tech is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 6015-B Unity Drive, Norcross, Georgia 30071.

2.      Intellectual Wellness is a Michigan Limited Liability Company with its principal place of business in Brighton, Michigan.

3.      Vintage Muscle is a Utah Limited Liability Company with its principal place of business located in Salt Lake City, Utah.

**JURISDICTION AND VENUE**

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has general and specific personal jurisdiction over Vintage Muscle because, *inter alia*, Vintage Muscle is domiciled in the State of Utah, Vintage Muscle and/or its agents regularly do business in the State of Utah and in this District, and Vintage Muscle and/or its agents infringe the patents described below in Utah and this District, deriving revenue and value therefrom, so as to purposefully avail itself of the privilege of conducting business within Utah and this District.

7.      This Court may exercise jurisdiction over Vintage Muscle on the ground that, *inter alia*, the conduct of Vintage Muscle and/or its agents as alleged herein caused and continues to cause injury to Plaintiffs in the State of Utah and in this District.

2

8.      Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b) because Vintage Muscle has a regular and established place of business in this District and is distributing and selling the infringing product in this District.

9.      Vintage Muscle has purposefully and voluntarily placed infringing products into the stream of commerce with the knowledge, understanding and expectation that such products would be purchased in the District of Utah, and the products were and are currently available for purchase in the District of Utah.

## FACTUAL BACKGROUND

### HI-TECH

10.     Hi-Tech is a cutting-edge sports supplement company.

11.     Hi-Tech manufacturers, markets and provides high-quality dietary supplement products in the State of Utah and throughout the United States.

12.     Since its inception, Hi-Tech has had a particular focus on the categories of bodybuilding and fitness.

13.     Hi-Tech manufactures and sells various products in these categories, including products intended to harden muscles, increase muscle mass, increase strength, increase power, increase recovery time and improve athletic performance.

14.     Some of Hi-Tech's products in the bodybuilding and fitness categories contain derivatives of dehydroepiandrosterone ("DHEA"), including 1-DHEA, 4-DHEA, 19-nor-DHEA, or other related derivatives.

**INTELLECTUAL WELLNESS**

15.     Intellectual Wellness is the owner by assignment of several United States Patents, including U.S. Patent No. 8,338,399 ("the '399 Patent"); U.S. Patent No. 8,084,446 ("the '446 Patent"); U.S. Patent No. 8,580,774 ("the '774 Patent"); and U.S. Patent No. 8,778,918 ("the '918 Patent") all of which claim priority to Application Serial No. 11/411,530, filed April 26, 2006 ("the '530 Application").

16.     The '399 Patent, the '446 Patent and the '918 Patent are referred to herein collectively as the "Patents-In-Suit."

17.     Intellectual Wellness granted a license to Hi-Tech to the '530 Application and any provisionals, divisionals, continuations and continuations-in-part claiming the priority date of the '530 Application, which includes the Patents-In-Suit.

18.     Hi-Tech's license to the Intellectual Wellness patent portfolio includes the right for Hi-Tech to institute patent infringement lawsuits against third parties.

*The '446 Patent*

19.     On December 27, 2011, the United States Patent and Trademark Office duly and legally issued the '446 Patent, entitled "Use of DHEA Derivatives For Enhancing Physical Performance."

20.     A true and correct copy of the '446 Patent is attached as Exhibit A.

21.     The '446 Patent is subsisting and presumed valid under 35 U.S.C. § 282.

22.     The '446 Patent is directed, in part, to a method of administering derivatives of DHEA, including 4-DHEA derivatives.

23.     In response to the administration of a 4-DHEA derivative, the user may experience, *inter alia*, enhanced physical performance and anti-aging benefits through decreased body weight, reduction of adipose tissue, increased endurance and/or increased production of red blood cells, while reducing negative side effects.

24.     Claim 1 of the '446 Patent is directed to a method of administering a DHEA derivative or a physiologically acceptable salt, ester or ether thereof as a compound that provides at least one of (a) anti-aging adrenal hormone balance, (b) decreased body weight, (c) reduction of adipose tissue, (d) increased endurance, (e) skeletal muscle growth and (f) increased production of red blood cells, of the general formula:



wherein $R_3$ is one of $\alpha$-OH and $\beta$-OH, wherein the DHEA derivative is administered orally.

*The '399 Patent*

25.     On December 25, 2012, the United States Patent and Trademark Office duly and legally issued the '399 Patent, entitled "Use of DHEA Derivatives For Enhancing Physical Performance."

26.     A true and correct copy of the '399 Patent is attached as Exhibit B.

27.     The '399 Patent is subsisting and presumed valid under 35 U.S.C. § 282.

28.     The '399 Patent is directed, in part, to a method of administering derivatives of DHEA, including 1-DHEA derivatives.

5

29.     In response to the administration of a 1-DHEA derivative, the user may experience, *inter alia*, enhanced physical performance and anti-aging benefits through decreased body weight, reduction of adipose tissue, increased endurance and/or increased production of red blood cells, while reducing negative side effects.

30.     Claim 1 of the '399 Patent is directed to a method of administering a DHEA derivative or a physiologically acceptable salt, ester or ether thereof as a compound that provides at least one of (a) anti-aging adrenal hormone balance, (b) decreased body weight, (c) reduction of adipose tissue, (d) increased endurance, (e) skeletal muscle growth and (f) increased production of red blood cells, of the general formula:



wherein $R_3$ is one of α-OH and β-OH, $R_5$ is one of α-H and β-H, and $R_7$ is one of α-H and β-H.

*The '918 Patent*

31.     On July 15, 2014, the United States Patent and Trademark Office duly and legally issued the '918 Patent, entitled "Use of DHEA Derivatives For Enhancing Physical Performance."

32.     A true and correct copy of the '918 Patent is attached as Exhibit C.

33.     The '918 Patent is subsisting and presumed valid under 35 U.S.C. § 282.

34.     The '918 Patent is directed, in part, to a method of administering derivatives of DHEA, including 19-nor-DHEA derivatives.

35. In response to the administration of a 19-nor-DHEA derivative, the user may experience, *inter alia*, enhanced physical performance and anti-aging benefits through decreased body weight, reduction of adipose tissue, increased endurance and/or increased production of red blood cells, while reducing negative side effects.

36. Claim 1 of the '918 Patent is directed to a method of administering a DHEA derivative or a physiologically acceptable salt, ester or ether thereof as a compound that provides at least one of (a) anti-aging adrenal hormone balance, (b) decreased body weight, (c) reduction of adipose tissue, (d) increased endurance, (e) skeletal muscle growth and (f) increased production of red blood cells, of the general formula:



wherein $R_3$ is one of α-OH and β-OH.

**VINTAGE MUSCLE'S PATENT INFRINGEMENT**

37. Vintage Muscle provides the products "RAD-Mass Vial," "RAD-Mass Stack," "1-Androl Vial," "1-Androl Stack," "19Nor Vial," and "19Nor Stack" (collectively, "Infringing Products").

38. Vintage Muscle maintains the website https://www.vintage-muscle.com/ to market, offer for sale, sell and distribute the Infringing Products.

39. For example, RAD-Mass Vial is available at https://www.vintage-muscle.com/products/rad-mass-vial; RAD-Mass Stack is available at https://www.vintage-

7

muscle.com/products/rad-mass-stack-2-0; 1-Androl Vial is available at https://www.vintage-muscle.com/products/1-androl-vial; 1-Androl Stack is available at https://www.vintage-muscle.com/products/1-androl-stack; 19Nor Vial is available at https://www.vintage-muscle.com/products/19nor-vial); and 19Nor Stack is available at https://www.vintage-muscle.com/products/19nor-stack.

40.     Screenshots of the Infringing Products are shown in Exhibit D.

41.     The Infringing Products compete directly with Hi-Tech's products in the bodybuilding and fitness categories nationwide, including within the District of Utah.

### INFRINGEMENT OF THE '446 PATENT

*RAD-Mass Vial and RAD-Mass Stack*

42.     Vintage Muscle makes, uses, offers to sell and/or sells the products known as RAD-Mass Vial and RAD-Mass Stack (collectively, "RAD-Mass")

43.     RAD-Mass was designed and is promoted to be consumed orally by the user to increase muscle mass, strength, and energy levels.

44.     When used as directed by Vintage Muscle, RAD-Mass meets all of the elements of at least claim 1 of the '446 Patent.

45.     Claim 1 of the '446 Patent recites a method of orally administering a DHEA derivative or a physiologically acceptable salt, ester or ether thereof as a compound that provides at least one or (a) anti-aging adrenal hormonal balance, (b) decreased body weight, (c) reduction of adipose tissue, (d) increased endurance, (e) skeletal muscle growth, and (f) increased production of red blood cells.

46.     RAD-Mass is an orally administered dietary supplement promoted as increasing muscle mass, strength, and energy levels.



**Frequently Asked Questions (FAQs)**   —

**What is RAD-Mass?**   —

RAD-Mass is a cutting-edge muscle-building supplement featuring 4-DHEA, a 2-step precursor to testosterone.

Men who take RAD-Mass report:

- Faster Muscle Gains
- More Brute Strength
- Soaring Energy Levels
- Faster Recovery
- Surging Testosterone Levels

*See* https://www.vintage-muscle.com/products/rad-mass-stack-2-0.

47.     Claim 1 of the '446 Patent recites the general formula:

wherein $R_3$ is one of α-OH and β-OH.

48.     RAD-Mass contains a "DHEA derivative" corresponding with the structure presented in claim 1 by offering 4-DHEA having the structure below where $R_3$ is OH (configurations of α or β).[1]

---

[1] https://pubchem.ncbi.nlm.nih.gov/compound/9947889.

49.     Accordingly, when used as directed, RAD-Mass literally infringes claim 1 of the '446 Patent.

**INFRINGEMENT OF THE '399 PATENT**

*1-Androl Vial and 1-Androl Stack*

50.     Vintage Muscle makes, uses, offers to sell and/or sells the products known as 1-Androl Vial and 1-Androl Stack (collectively, "1-Androl").

51.     1-Androl was designed and is promoted to be consumed orally by the user to increase lean muscle mass, strength and improve fat loss.

52.     When used as directed by Vintage Muscle, 1-Androl meets all of the elements of at least claim 1 of the '399 Patent.

53.     Claim 1 of the '399 Patent recites a method of administering a DHEA derivative or a physiologically acceptable salt, ester or ether there of as a compound that provides at least one of (a) anti-aging adrenal hormone balance, (b) decreased body weight, (c) reduction of adipose tissue, (d) increased endurance, (e) skeletal muscle growth and (f) increased production of red blood cells.

54.     1-Androl is an orally administered dietary supplement promoted as increasing lean muscle mass, strength and improving fat loss.

1-Androl Stack is a cutting edge muscle-building supplement that is a 2 step precursor to the extremely anabolic compound 1-Test. Featuring the highest quality 1-DHEA, one of the most effective lean muscle gainers on the market.

- 1-DHEA – Solution, 100mg/mL
- Drastic Strength and Lean Gains
- Improves Fat Loss
- Does not increase water retention (Dry gains)
- Promotes Anabolic Activity

Exhibit D.

55.     Claim 1 of the '399 Patent recites the general formula:



wherein $R_3$ is one of α-OH and β-OH, $R_5$ is one of α-H and β-H, and $R_7$ is one of α-H and β-H.

56.     1-Androl contains a "DHEA derivative" corresponding with the structure presented in claim 1 by offering 1-DHEA having the structure below wherein $R_3$ is OH, $R_5$ is -H and $R_7$ is -H (all with configurations of α or β).[2]



---

[2] https://pubchem.ncbi.nlm.nih.gov/compound/14299596.

57.    Accordingly, when used as directed, 1-Androl literally infringes claim 1 of the '399 Patent.

## INFRINGEMENT OF THE '918 PATENT

### *19Nor Vial and 19Nor Stack*

58.    Vintage Muscle makes, uses, offers to sell and/or sells the products known as 19Nor Vial and 19Nor Stack (collectively, "19Nor").

59.    19Nor was designed and is promoted to be consumed orally by user to increase lean muscle mass, strength, and promote faster recovery.

60.    When used as directed by Vintage Muscle, 19Nor meets all of the elements of at least claim 1 of the '918 Patent.

61.    Claim 1 of the '918 Patent recites a method of administering a DHEA derivative or a physiologically acceptable salt, ester or ether there of as a compound that provides at least one of (a) anti-aging adrenal hormone balance, (b) decreased body weight, (c) reduction of adipose tissue, (d) increased endurance, (e) skeletal muscle growth and (f) increased production of red blood cells.

62.    19Nor is an orally administered dietary supplement promoted as increasing lean muscle mass, strength, and promote faster recovery.

**Frequently Asked Questions (FAQs)**                                                —

**What is 19Nor?**                                                                   —

19Nor is a cutting-edge muscle-building and recovery supplement
featuring 19Nor-DHEA, a 2-step precursor to Deca - the anabolic used
by Golden Era Bodybuilders.

Men who take 19Nor report:

- Faster Recovery From Workouts
- Accelerated Joint Support
- Muscle-Swelling Pumps
- More Muscle and Strength
- Less Soreness
- Surging Testosterone Levels

And much more.

*See* https://www.vintage-muscle.com/products/19nor-stack.

63.     Claim 1 of the '918 Patent recites the general formula:



wherein R3 is one of α-OH and β-OH.

64.     19Nor contains a "DHEA derivative" corresponding with the structure presented in

claim 1 by offering 19-Nor-DHEA having the structure below where $R_3$ is OH (configurations of

α or β).[3]

_____

[3] https://pubchem.ncbi.nlm.nih.gov/compound/53990402.

65.     Accordingly, when used as directed, 19Nor literally infringes claim 1 of the '918 Patent.

66.     Vintage Muscle has committed patent infringement at least within the State of Utah, in that Vintage Muscle has caused the products that infringe the Patents-In-Suit to be formulated, manufactured, shipped, distributed, advertised, offered for sale, or sold in this District, or introduced into the general stream of commerce with knowledge that these products would cause injury or damage to Hi-Tech in the State of Utah.

### DIRECT INFRINGEMENT

67.     By virtue of its activities, Vintage Muscle is a direct infringer of one or more claims of the Patents-In-Suit.

68.     The Infringing Products were specifically formulated, manufactured, shipped, distributed, advertised, offered for sale, or sold by Vintage Muscle to contain certain ingredients that, by virtue of their inclusion in the Infringing Products, were known to effectuate the conditions recited in the claims of the Patents-In-Suit.

69.     On information and belief, Vintage Muscle's officers, directors, employees, agents, representatives, affiliates, individuals sponsored by Vintage Muscle, and/or persons who endorse Vintage Muscle and/or their Infringing Products, have used or administered the Infringing

Products in the manner claimed in one or more of the Patents-In-Suit, or otherwise directly practiced the methods recited in the claims of the Patents-In-Suit.

70.     Vintage Muscle encouraged and/or is aware that its officers, directors, employees, agents, representatives, affiliates, individuals sponsored by Vintage Muscle, or persons who endorse Vintage Muscle and/or its Infringing Products, have used or administered the Infringing Products and practiced the claims of one or more of the Patents-In-Suit, and these individuals or entities are and were acting under Vintage Muscle's direction and control when practicing the methods in these claims.

71.     Vintage Muscle has known about the Patents-In-Suit at least as early as September, 2023 when Plaintiffs sent a letter informing Vintage Muscle of their patent rights.

### INDIRECT INFRINGEMENT

72.     By virtue of their activities, Vintage Muscle is and was an indirect infringer of one or more claims of the Patents-In-Suit, including committing inducement to infringe and/or contributory infringement.

### *Inducement To Infringe*

73.     Vintage Muscle induced direct infringement by one or more consumers, end users, or other individuals who have purchased or otherwise acquired the Infringing Products ("End Users").

74.     End Users have used or administered the Infringing Products and/or practiced the methods of the claims of the Patents-In-Suit and are therefore direct infringers.

75.     Vintage Muscle has known about the Patents-In-Suit at least as early as September, 2023 when Plaintiffs sent a letter informing Vintage Muscle of their patent rights.

76.     Vintage Muscle acted with the specific intention to induce End Users to infringe one or more of the Patents-In-Suit.

77.     Vintage Muscle knew that the acts of the End Users would constitute infringement of one or more of the Patents-In-Suit, or despite knowing there was a high probability that the acts of the End Users would commit direct infringement, turned a blind eye towards that high probability.

78.     The Infringing Products contain ingredients that are formulated for practicing the methods of the claims in the Patents-In-Suit.

79.     Vintage Muscle's labels, instructions, and advertising for the Infringing Products provide the elements of one or more of the methods claimed in the Patents-In-Suit in a manner that encourages, urges, or induces End Users to infringe them.

80.     Vintage Muscle specifically instructs End Users to administer the Infringing Products orally to cause one or more of the effects recited in the method claims in the Patents-In-Suit.

81.     As a direct result of Vintage Muscle's activities, End Users administered the Infringing Products and practiced the methods disclosed one or more of the claims in the Patents-In-Suit.

82.     Vintage Muscle has therefore specifically intended to cause and, therefore, induced End Users to directly infringe the claims of the Patents-In-Suit.

*Contributory Infringement*

83.     Vintage Muscle has contributed to the direct infringement by End Users.

16

84.     End Users have used or administered the Infringing Products and/or practiced the methods of the claims of the Patents-In-Suit and are therefore direct infringers.

85.     Vintage Muscle has known about the Patents-In-Suit as least as early as September, 2023 when Plaintiffs sent a letter informing Vintage Muscle of their patent rights.

86.     The Infringing Products are special purpose products formulated and intended to be used to practice the methods of the claims of the Patents-In-Suit.

87.     The Infringing Products contain ingredients formulated to infringe the methods of the claims in the Patents-In-Suit when used as directed.

88.     The Infringing Products are not staple articles of commerce.

89.     The Infringing Products are not suitable for any non-infringing uses.

90.     Neither Vintage Muscle's labels, instructions, nor advertisements for the Infringing Products disclose any uses that do not infringe at least one claim of the Patents-In-Suit.

91.     The inclusion of ingredients in the Infringing Products that are recited in the claims of the Patents-In-Suit was material to practicing the claimed methods.

92.     Vintage Muscle had knowledge that the Infringing Products were especially designed for and adapted by End-Users for the practicing of the methods claimed in the Patents-In-Suit.

93.     Vintage Muscle had knowledge that the Infringing Products, when administered, infringe one or more of the claims of the Patents-In-Suit.

94.     Vintage Muscle knowingly and willfully elected to indirectly infringe the Patents-In-Suit despite knowledge of the existence of the Patents-In-Suit and the infringing nature of the Infringing Products, or turned a blind eye to such infringement.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,084,446**

95.     Plaintiffs repeat, reallege and incorporate paragraphs 1-94 as if fully restated herein.

96.     Vintage Muscle has directly infringed, is directly infringing and will continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '446 Patent under 35 U.S.C § 271(a) by making, using, selling, and/or offering for sale the Infringing Products.

97.     Vintage Muscle has infringed, is infringing, and will continue to infringe, literally and under the doctrine of equivalents, by inducing the infringement of others, of one or more claims of the '446 Patent under 35 U.S.C § 271(b) by making, using, selling, and/or offering for sale the Infringing Products.

98.     Vintage Muscle has infringed, is infringing, and will continue to infringe, literally or under the doctrine of equivalents, by contributing to the infringement of others, of one or more claims of the '446 Patent under 35 U.S.C § 271(c) by making, using, selling, and/or offering for sale the Infringing Products.

99.     Vintage Muscle's acts of patent infringement are willful.

100.    Plaintiffs have no adequate remedy at law.

101.    Vintage Muscle's patent infringement is causing irreparable injury to Plaintiffs and, unless enjoined, will continue to cause irreparable injury.

102.    As a result of Vintage Muscle's intentional and willful infringement, Plaintiffs are entitled to an injunction and damages in a sum to be determined.

## COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 8,338,399

103.    Plaintiffs repeat, reallege and incorporate paragraphs 1-94 as if fully restated herein.

104.    Vintage Muscle has directly infringed, is directly infringing and will continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '399 Patent under 35 U.S.C § 271(a) by making, using, selling, and/or offering for sale the Infringing Products.

105.    Vintage Muscle has infringed, is infringing, and will continue to infringe, literally and under the doctrine of equivalents, by inducing the infringement of others, of one or more claims of the '399 Patent under 35 U.S.C § 271(b) by making, using, selling, and/or offering for sale the Infringing Products.

106.    Vintage Muscle has infringed, is infringing, and will continue to infringe, literally or under the doctrine of equivalents, by contributing to the infringement of others, of one or more claims of the '399 Patent under 35 U.S.C § 271(c) by making, using, selling, and/or offering for sale the Infringing Products.

107.    Vintage Muscle's acts of patent infringement are willful.

108.    Plaintiffs have no adequate remedy at law.

109.    Vintage Muscle's patent infringement is causing irreparable injury to Plaintiffs and, unless enjoined, will continue to cause irreparable injury.

110.    As a result of Vintage Muscle's intentional and willful infringement, Plaintiffs are entitled to an injunction and damages in a sum to be determined.

## COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 8,778,918

111.    Plaintiffs repeat, reallege and incorporate paragraphs 1-94 as if fully restated herein.

112.    Vintage Muscle has directly infringed, is directly infringing and will continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '918 Patent under 35 U.S.C § 271(a) by making, using, selling, and/or offering for sale the Infringing Products.

113.    Vintage Muscle has infringed, is infringing, and will continue to infringe, literally and under the doctrine of equivalents, by inducing the infringement of others, of one or more claims of the '918 Patent under 35 U.S.C § 271(b) by making, using, selling, and/or offering for sale the Infringing Products.

114.    Vintage Muscle has infringed, is infringing, and will continue to infringe, literally or under the doctrine of equivalents, by contributing to the infringement of others, of one or more claims of the '918 Patent under 35 U.S.C § 271(c) by making, using, selling, and/or offering for sale the Infringing Products.

115.    Vintage Muscle's acts of patent infringement are willful.

116.    Plaintiffs have no adequate remedy at law.

117.    Vintage Muscle's patent infringement is causing irreparable injury to Plaintiffs and, unless enjoined, will continue to cause irreparable injury.

118.    As a result of Vintage Muscle's intentional and willful infringement, Plaintiffs are entitled to an injunction and damages in a sum to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment in their favor on all Counts in their Complaint and request the following relief:

1.    To enter judgment that Vintage Muscle has infringed and is infringing the Patents-In-Suit;

2.    To enter an order temporarily and permanently enjoining Vintage Muscle and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the Patents-In-Suit, and from manufacturing, selling, or offering for sale the Infringing Products, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

3.    Award Plaintiffs damages adequate to compensate for Vintage Muscle's infringing acts, at a minimum at reasonable royalty, in accordance with 35 U.S.C. § 284;

4.    Award Plaintiffs interest and costs pursuant to 35 U.S.C. § 284 and Rule 54(d) of the Federal Rules of Civil Procedure.

5.    Increase Plaintiffs' damages up to three times in view of Vintage Muscle's deliberate and willful infringement, in accordance with 35 U.S.C. § 284;

6.    Declare that this case is exceptional under 35 U.S.C. § 285 and award Plaintiffs their attorneys' fees, expenses and costs; and

7.    Award such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

March 19, 2024                          Respectfully submitted,

                                          /s/ Ryan L. Marshall
Ryan L. Marshall (Utah Bar No. 9529)
299 S. Main Street
Suite 1825
Salt Lake City, UT 84111
Phone: 801-906-5125
Fax: 801-817-9811
Email: Ryan.Marshall@btlaw.com

Gregory L. Hillyer
Nicholas J. Sullivan
Hillyer Legal, PLLC
*Pro Hac Vice To Be Submitted*
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015-2052
Phone: (202) 686-2884
ghillyer@hillyerlegal.com
nsullivan@hillyerlegal.com

*Counsel for Plaintiffs Hi-Tech Pharmaceuticals Inc., and Intellectual Wellness, LLC*